Dickinson v. Hughes.

---

DICKINSON v. HUGHES *et al.*

1. **Guardian and ward:** SALE OF REAL ESTATE. Where it appears that a sale of real estate belonging to wards is necessary for their education and support, and their interests would be benefited thereby, it should be ordered by the probate court.

2. —— The discretion with which the court is invested in granting or refusing such order is not an absolute one, and when improperly exercised will be controlled, as in the present case.

*Appeal from Decatur Circuit Court.*

TUESDAY, OCTOBER 12.

THE plaintiff, who is the guardian of the defendants, minors, made application, under the statutes, to the circuit court of Decatur county, for authority to sell certain real estate, belonging to his wards, situate in that county, on the ground that the sale of the property was necessary for the minors' support and education, and that their interests, by reason of the unproductiveness of the property, would be promoted thereby. Upon the hearing of the case the court refused to grant the authority prayed for in the petition and dismissed it. Plaintiff appeals.

*J. W. Harvey* for the appellant.

No appearance for the appellee.

BECK, Ch. J.—The only question presented by the record for our consideration involves the sufficiency of the evidence presented to the court below upon plaintiff's petition.

The wards of the plaintiff reside in Ohio and are possessed of other real property besides the land described in the petition. It is very conclusively shown by the evidence that their property does not yield an income sufficient for their support and education and the payment of taxes assessed against them. In order to pay necessary expenses pertaining to these objects, it has been found that the property and sources of income of the minors will have to be encroached upon and used to some extent. The lands in question have not, for the last four years, increased 10 per cent on their value at the beginning of that period, and for the last year have not appreciated at all. The proceeds of the lands, it is shown, could be loaned at 10 per centum per annum interest, and the taxes assessable thereon, thus not only yielding an income for the education of the children, but the transaction, if the lands be sold, would better their estates. The lands in question are unimproved

and the taxes on them are considerable. They could be sold for a fair price. The funds arising from the sale could be managed with little expense to the minors. It does not appear that the lands are so situated as to justify the expectation that they will be subject to any great increase in value; nothing beyond the appreciation of farming lands remote from any large town and not more than five miles to a village, which is their precise location. There was offered to the court no conflicting evidence upon all these points of fact.

Revision, section 2552, is in these words: "When not in violation of the terms of a will by which a minor holds his real property, it may, under the discretion of the county (circuit) court, be sold or mortgaged on the application of the guardian, either when such sale or mortgage is necessary for the minor's support or education, or when his interest will be thereby promoted by reason of the unproductiveness of the property, or of its being exposed to waste, or of any other peculiar circumstances."

In our opinion the evidence brought the case within the letter and spirit of this provision. The sale of the land is shown to be necessary for the education and support of the children, and is demanded by reason of the unproductiveness of the property, by their best interests. The discretion with which the court is clothed is not absolute and irresponsible, uncontrolled by the necessities of the minors and their interests, but is a legal discretion to be guided by justice and the rules of law. We think it was improperly exercised under the evidence before us, in refusing to order the sale of the lands.

The judgment of the circuit court is reversed, and the cause is remanded for proper proceedings in accordance with this opinion.

Reversed.

COLE, J., dissenting.